IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| REIDAR CARROLL ARDEN | : | NO. 98-379 |


MEMORANDUM AND ORDER


Gene E.K. Pratter, J._____March 6, 2009


A jury convicted Reidar Carroll Arden of 13 counts of conspiracy, interstate

transportation of stolen checks and money laundering.  Mr. Arden awaits sentencing, a

proceeding that has been delayed by the Defendant's recurring expressions of dissatisfaction or

disagreements with his counsel.[1]  Notwithstanding his having counsel throughout the pendency

of the prosecution and post-conviction proceedings, Mr. Arden has actively issued and pursued

his own motions, petitions and other communiques to the Court.  In addition, he has

demonstrated no reticence in personally making his preferences and demands known orally

during status hearings scheduled at his request for various reasons.[2]

---

[1]The most recent appointment of new counsel for this Defendant is reflected on the record
of the hearing held on March 3, 2009, during which it was also determined that, with the latest
change in counsel, the date for Mr. Arden's sentencing hearing would have to be delayed by
approximately one additional month.

[2]Many of Mr. Arden's pro se filings and the status hearings set to address many of those
filings appear on the docket of this case.  See, e.g., Docket Nos. 26, 27, 28, 29, 34, 36, 94, and

Among Defendant Arden's demands is his calling for mental health consultations beyond, or other than, those available at the Federal Detention Center in Philadelphia where he has been detained pending his trial and now pending his sentencing.  By Orders entered January 27, 2009 (Docket Nos. 93 and 94), the Court granted a defense motion (Docket No. 90) for a mental health examination or consultation and also ordered certain physical examinations be conducted.  In addition, the Court has received reports from the health care services personnel at the Federal Detention Center concerning Mr. Arden's receipt of various mental and physical health care services from March 2008 through February 24, 2009, including general physical examinations and psychiatric and psychological consultations.  Nonetheless, Defendant Arden on his own continues to renew his demands for specialized treatment, ostensibly because he does not consider the services available at the Federal Detention Center up to the level of his expectations or perceived needs.  Although the Court has previously denied Defendant Arden's demand that he be transferred to FCI Ft. Devins, Mr. Arden persists in requesting the Court to order his transfer to Ft. Devins where he believes he could call upon more appropriate professional services to attend to his ocular and oral health concerns in ways he claims the Federal Detention Center in Philadelphia does not.[3]

Because the Defendant's demands continue unabated, the Court reiterates here its conclusions with respect to the demands for mental health examinations lest it appear that a particular generation of the Defendant's efforts remain unaddressed.

_____

96.  Not all of his letters to the Court have yet been formally docketed.

[3]An additional draw of Ft. Devins for Mr. Arden appears to be the availability there of a Lexis-Nexis legal database to which he says he does not have access at the Federal Detention Center in Philadelphia.

Pursuant to 18 U.S.C. § 4241(a), a criminal defendant shall be subjected to a competency hearing "if there is a reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  Where such "reasonable cause" exists, even if neither the defendant nor the Government moves for such a hearing, the Court is obliged to conduct such a hearing on its own motion.  See United States v. Jones, 336 F.3d 245, 256 (3d Cir. 2003); United States v. Leggett, 162 F.3d 237, 241 (3d Cir. 1998).  Thus far, on the basis of numerous opportunities to observe and interact with Defendant Arden and even more opportunities to read his many formal and informal submissions, the Court has absolutely no cause to believe - - or even surmise or wonder - - that Mr. Arden has any competency shortcomings.  Indeed, to say the least, Mr. Arden has actively participated in all phases of this case and had demonstrated time and again that there are no impediments - - real or imagined - - to his ability to fully understand the upcoming sentencing hearing, to assist in the presentation of his case at sentencing, and to articulate and advance his own interests.  He has exhibited no problematic behavior such as to raise a competency question.  Likewise, no third party (including health care professionals) have raised any such concern about Mr. Arden.  Indeed, on the basis of the Court's direct observations of Mr. Arden and his demeanor, as well as on the basis of the written materials he has submitted in this case, together with the reports or other submissions of others, the Court sees no basis whatsoever for ordering a competency hearing.

There is an additional statutory vehicle for ordering psychological evaluations of a prisoner at the Court's discretion - - that which is contained at 18 U.S.C. § 3552.  Under that

3

provision, the Court <u>may</u>, but is under no compulsion to do so, order a psychological test for the Court's use in connection with parts of the sentencing considerations. Such testing is entirely subject to the Court's discretion. <u>See</u>, <u>e.g.</u>, <u>United States v. Limberopoulos</u>, 26 F.3d 245, 254 (1st Cir. 1994). Here, too, the Court is satisfied that its own observations and reviews of the many instances of having interacted with the Defendant and evaluating his many oral and written submissions are sufficient for easily concluding that I need no more information of this type in order to proceed efficaciously, economically and efficiently to and through the sentencing proceeding. The Court already has available to it a myriad of materials for its review via the Pre-Sentence Report and Mr. Arden's own submissions, as well as the reports received from the Federal Detention Center health care professionals.

Accordingly, Defendant Arden's letter request for yet further mental health evaluation is **DENIED**.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

4